**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARMAN G. SHIRAZI, | : |
| | : |
|     Plaintiff, | : |
| | :   CIVIL ACTION NO. 3:11-cv-141 |
|     v. | : |
| | : |
| NANDA PALISSERY, Esq., et al., | :   (JUDGE CAPUTO) |
| | : |
| | :   (MAGISTRATE JUDGE BLEWITT) |
|     Defendants. | : |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of January 31, 2011 (Doc. 6), Plaintiff's objections (Doc. 8), and a motion for leave to proceed *in forma pauperis* (Doc. 2). Magistrate Judge Blewitt recommended that Plaintiff's motion to proceed *in forma pauperis* be granted solely for the purpose of filing this action but that Plaintiff's claims be dismissed against all three Defendants for failure to state a claim, lack of subject-matter jurisdiction, and on preclusion grounds. This Court will adopt Magistrate Judge Blewitt's R & R and dismiss Plaintiff's complaint with prejudice for the reasons discussed more fully below.

**BACKGROUND**

Plaintiff, an inmate of SCI-Frackville, Frackville, Pennsylvania, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging the following.

Plaintiff was charged with a homicide in May 2007 in the Court of Common Pleas of Philadelphia County, and retained Defendants to defend him, namely Attorney Nanda Palissery and Attorney Demetrius Fannick, both employed by the Palissery Law Firm. Plaintiff signed a General Fee Agreement ("GFA") in which he agreed to pay Defendants

a fifty-thousand dollar ($ 50,000) retainer to represent him with respect to the criminal homicide charge against him. The GFA was vague and did not specify an hourly rate or how fees were earned. By May 13, 2007, Plaintiff had paid Defendants a total of twenty-five thousand eight-hundred dollars ($25,800) and on June 4, 2007, Plaintiff terminated Defendants as his counsel before they had entered an appearance in his case or acted on his behalf. After terminating the Defendants, Plaintiff requested that they refund his money and provide him with an accounting of any services rendered. Defendants refused both requests. In July 2008, Plaintiff filed a claim for breach of contract against the Defendants in the Court of Common Pleas of Philadelphia County which was eventually dismissed.

In the instant suit, Plaintiff's complaint raises a § 1983 claim as well as a breach of contract claim he previously litigated and lost in state court. Plaintiff seeks a declaration that the GFA was invalid as well as compensatory damages in the amount of twenty-five thousand eight-hundred dollars ($25,800), the amount of legal fees paid to Defendants.

After filing his *pro se* Compliant, Plaintiff filed to proceed *in forma pauperis*. (Doc. 2.) As a result, the Magistrate Judge screened Plaintiff's Complaint under 28 U.S.C. § 1915(e), which requires a complaint filed *in forma pauperis* be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Applying the standard of Federal Rules of Civil Procedure 12(b)(6) and the pleading requirement of Fed. R. Civ. P. 8(a) to Plaintiff's Complaint, the Magistrate Judge found that Plaintiff failed to adequately plead a § 1983 claim since Plaintiff failed to state which of his constitutional rights were violated and how attorneys at a private firm were "state actors." The Magistrate Judge further found that, even assuming Plaintiff had established a "federal question," the Court was prohibited from exercising subject-matter jurisdiction under the

2

*Rooker-Feldman* doctrine, as Plaintiff was essentially attempting to get a federal court to overturn a state court adjudication. Finally, the Magistrate Judge also found that Pennsylvania's issue and claim preclusion doctrines prohibited Plaintiff from bringing the instant suit in federal court. However, the Magistrate Judge recommended that Plaintiff be allowed to proceed *in forma pauperis* solely for purposes of filing the action.

Plaintiff then filed his objections to the R&R on February 12, 2011. (Doc. 8.)

## STANDARDS OF REVIEW

**I.     Objections to the Magistrate Judge's Report**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**II.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the

4

motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

The Recommendations made by Magistrate Judge Blewitt will be adopted in full. Plaintiff, in his objections, argues that issue and claim preclusion do not apply because of substantial dissimilarities in the state and federal actions, but the Court need not address these issues since the suit will be dismissed for failure to state a claim and under the *Rooker-Feldman* doctrine.

First, Plaintiff has failed to state a claim under § 1983. Specifically, he has failed to allege any facts that would establish that the Defendants were "state actors." 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes

>to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .. With respect to the filing of objections to a Magistrate Judge's R&R, Local Rule 72.3 states: ""[W]ritten objections ... shall *specifically* identify the portions of the proposed findings, recommendations or report to which objection is made and the *basis* for such objections." (emphasis added.) Here, other than general entreaties to "justice" and "fairness," Plaintiff has failed to specify either the portions of the record that she is objecting to or the reasons for her objections.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v.Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).

Purely private transactions between attorneys and clients are incapable of supporting a claim for redress under § 1983. *See, e.g., Flagg Bros. v. Brooks*, 436 U.S. 149, 164-66 (1978) (holding that private business transactions do not qualify as state action regardless of whether state statutes expressly authorize them); *Rosquist v. Jarrat Const. Corp.*, 570 F.Supp. 1206, 1211 (D.N.J.1983) ("[T]he actions taken by private attorneys in representing their clients do not constitute state action."). As a result, Plaintiff's complaint will be dismissed for failure to state a claim.

Additionally, Plaintiff's suit is barred under the *Rooker-Feldman* doctrine.

>The Rooker-Feldman doctrine embodies the principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Section 1257 of Title 28 of the United States Code confers on the United States Supreme Court appellate jurisdiction to review final judgments of the states' highest courts. The *Rooker-Feldman* doctrine is the

6

doctrine that, by negative implication, inferior federal courts lack subject matter jurisdiction to review final judgements of the states' highest courts. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir.1997). The Rooker-Feldman doctrine has been interpreted to also apply to final decisions of lower state courts. *Id.* "District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction, on the district courts." *In re Gen. Motors Corp. Products Liability Litig.*, 134 F.3d 133, 143 (3d Cir.1998). The existence of a state court judgment in another case bars a subsequent federal proceeding under Rooker-Feldman "when entertaining the federal court claim would be the equivalent of an appellate review of that order." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir.1996). "Under the Rooker-Feldman doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *Whiteford v. Reed*, 155 F.3d 671, 673-74 (3d Cir.1998).

*Kline v. U.S. Bank, N.A.,* 2010 WL 703255, *7-*8 (M.D. Pa.). Here, adjudicating Plaintiff's "constitutional claim," such as it is, would require this Court to engage in an appellate review of the actions of the state trial and appellate courts. This is clearly forbidden under the *Rooker-Feldman* doctrine.

## **CONCLUSION**

For the reasons stated above, Plaintiff's complaint will be dismissed. An appropriate order follows.

| | |
|---|---|
| 4/29/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARMAN G. SHIRAZI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:11-cv-141 |
| v. | : | |
| | : | |
| NANDA PALISSERY, Esq., et al., | : | (JUDGE CAPUTO) |
| | : | |
| Defendants. | : | |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| | : | |

### ORDER

**NOW**, this   29th   day of April, 2011, after consideration of Magistrate Judge Blewitt's Report and Recommendation (Doc. 6) recommending that Plaintiff's motion to proceed *in forma pauperis* (Docs. 2 ) be granted solely for purposes of filing this action and that Plaintiff's complaint (Doc. 1) be dismissed with prejudice, as well as Plaintiff's objections, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** solely for the purposes of filing this action.

2. Plaintiff's objections are **OVERRULED**.

3. The Report and Recommendation is **ADOPTED**.

4. The complaint is **DISMISSED with prejudice**.

5.	The Clerk of the Court is to mark the matter in this Court **CLOSED**.


			/s/ A. Richard Caputo				
			A. Richard Caputo
			United States District Judge